**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Jackie Collins, alias Marc Taylor,** | * | |
| **Plaintiff** | * | CA 08 90T |
| **v.** | * | **CIVIL ACTION NO.** |
| **Ruby Tuesday, Inc., alias, And Michael Vaccaro, alias, And Robert Kiff, Alias,** | * | |
| **Defendants** | * | |
| * * * * * * | * | |

**NOTICE OF REMOVAL**

Defendant, Ruby Tuesday, Inc. ("Ruby Tuesday"), by and through its undersigned counsel, hereby files this Notice of Removal and, in support thereof, states the following:

**1.**

On October 10, 2007, Plaintiff Marc Taylor ("Plaintiff") filed his Complaint in the action styled *Jackie Collins, alias Marc Taylor v. Ruby Tuesday, Inc., Michael Vaccaro and Robert Kiff*, Civil Action No. PC-07-5407 on the docket of the Superior Court for the County of Providence, State of Rhode Island and Providence Plantations. ("State Court Action"). Summons was issued on February 10, 2007 and the Complaint was served upon Ruby Tuesday on February 11, 2008. Ruby Tuesday now seeks to remove that State Court Action to the United States District Court for the District of Rhode Island, for the good cause shown.

**2.**

Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of the state court record in this matter, which reflects all process, pleadings, and orders served upon Ruby Tuesday in this matter.

3.

Ruby Tuesday certifies that Defendants Michael Vaccaro and Robert Kiff have no objection to this Notice of Removal and consent to same.

4.

This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after service of Plaintiff's Complaint upon Ruby Tuesday.

5.

The United States District Court for the District of Rhode Island is the appropriate venue for this case because it is the federal district court having jurisdiction over the place where the State Court Action is pending.

6.

Removal in this case is proper because this Court has diversity jurisdiction over Plaintiff's claims of employment discrimination and intentional infliction of emotional distress pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Pursuant to 28 U.S.C. § 1441(b), this case may be removed to this Court.

7.

Plaintiff's Complaint states that he is a citizen of the State of Rhode Island. Ruby Tuesday is a Georgia corporation with its principal place of business in Tennessee. (Exhibit B, record from Secretary of State). Mr. Vaccaro is a citizen of the State of Massachusetts. (Exhibit C, Declaration of Michael Vaccaro). Although Plaintiff's Complaint states "Defendant Robert Kiff . . . upon information and belief, is a resident of Rhode Island . . .," Mr. Kiff is, actually, a citizen of Massachusetts, residing in Attleboro, Massachussetts. (Exhibit D, Declaration of Robert Kiff). As such, there is diversity of citizenship among all parties sufficient for diversity

jurisdiction under 28 U.S.C. § 1332(c)(1). Further, as required by 28 U.S.C. § 1441(b) no defendant is a citizen of the State of Rhode Island. Regarding the issue of citizenship, removal is proper.

**11.**

Although the Complaint does not state the amount of damages sought by Plaintiff, Ruby Tuesday asserts the required amount in controversy exists in this matter.

**12.**

Plaintiff sued Ruby Tuesday, Mr. Vaccaro and Mr. Kiff for employment discrimination/harassment and termination based on his gender identity or expression and his sexual orientation in violation of his rights under the Rhode Island Fair Employment Practices Act ("FEPA"), G.L. § 28-5-1-, *et seq.* and the Rhode Island Civil Rights Act ("RICRA"), G.L. § 42-112-1, *et seq.* (Complaint, ¶¶ 1-2, 10-19). Specifically, Plaintiff asserts claims of "harassment," "termination," "solicitation and incitement of others," and "aid and abet each other to harass" under the RICRA. (Complaint, Counts II, IV, VI and VIII). Plaintiff filed claims of "harassment," "termination," "solicitation and incitement of others," "aid and abet each other to harass" and "aid and abet each other to terminate" under the FEPA. (Complaint, Counts I, III, V, VII and IX). Plaintiff also asserts a claim of intentional infliction of emotional distress. (Complaint, Count X, ¶¶ 50-54).

**13.**

The FEPA permits civil actions for employment discrimination and specifies damages recoverable in such actions, including: compensatory damages, punitive damages, back pay,

reinstatement, and, if appropriate, front pay, costs and reasonable attorneys fees. G.L. §§ 28-5-24.1, 28-5-29.1. The RICRA also permits civil actions for discrimination and allows a successful plaintiff to receive compensatory damages and reasonable attorney's fees. G.L. § 42-112-2. Plaintiff also asserts a claim for intentional infliction of emotional distress which renders him eligible for compensatory and punitive damages. *Castellucci v. Battista*, 847 A.2d 243, 250 (R.I. 2004).

**14.**

In his prayer for relief, Plaintiff seeks damages "to make the Plaintiff whole," compensatory damages, punitive damages, costs, expenses and reasonable attorney's fees. Plaintiff states Defendants' alleged discriminatory acts caused him to be "severely pained, humiliated and upset emotionally and personally . . . ." (Complaint, ¶ 15). Plaintiff further asserts Defendants' alleged intentional infliction of emotional distress caused him "severe emotional distress" and that as a result, "Plaintiff has suffered physical and emotional damages." (Complaint, ¶¶ 53-54).

**15.**

As the parties seeking to invoke federal diversity jurisdiction, Ruby Tuesday bears the burden of showing that this case satisfies the amount-in-controversy requirement. *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004). Where the Complaint does not specify an amount of damages, Ruby Tuesday must establish by a preponderance of the evidence that more than $75,000.00 is in controversy. Plaintiff will then need to show to a "legal certainty" that less than $75,000.00 is in issue, based on all information known to Plaintiff at the time of his Complaint. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4-5 (1st Cir. 2001); *Sampson v. J-Pac, Inc.*,

2007 U.S. Dist. LEXIS 95533, *3 (D.N.H. Dec. 21, 2007) (citing *Gilman v. BHC Services, Inc.*, 104 F. 3d 1418, 1421 (2d Cir. 1997)).

"Although a removing defendant's simple say-so will not suffice to demonstrate that a case meets the jurisdictional threshold, . . . it does not follow that material beyond the allegations of the complaint is necessary to show the requisite amount in controversy." *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H. 2004).

> Where the district court is making the "facially apparent" determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy [is] likely to exceed [$ 75,000]. In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal.

*Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), overruled on other grounds, *H & D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 329-330 (5th Cir. 2000)). So long as the plaintiff's claims are 'colorable,' the court's inquiry does not focus on their probable success but rather on 'whether to anyone familiar with the applicable law [the] claim could objectively have been viewed as worth' the jurisdictional minimum." *Grand Banks Yachts, Ltd. v. Roberts*, U.S. Dist. LEXIS 77902, *3-4 (D.R.I. Feb. 9, 2006) (citing *Evans*, 326 F. Supp. 2d at 221 (quoting *Jimenez Puig v. Avis Rent-A-Car Sys.*, 574 F.2d 37, 40 (1st Cir. 1978)). "'[T]he fact that the complaint discloses the existence of a valid defense to the claim'" does not affect the amount-in-controversy analysis. *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 5 (1st Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290, 82 L. Ed. 845, 58 S. Ct. 586 (1938)). Plaintiff's claims are objectively worth in excess of $75,000.00 and, thus, removal is proper.

**16.**

Plaintiff was employed by Ruby Tuesday as a host at its Johnston, Rhode Island location. (Complaint, ¶¶ 10, 19; Exhibit E, Affidavit of Jenny Hutto, ¶ 1). At the time of his discharge, Plaintiff's hourly wages were $3.00, plus tips. He earned an average of $180.26 per week. (Affidavit of Jenny Hutto, ¶¶ 2-3). Accordingly, the appropriate baseline for any calculation back pay will be $180.26 per week. One year and four months have already passed since Plaintiff's discharge. If it is assumed that at least two and one-half years will pass from the date of Plaintiff's discharge in October, 2004, until resolution of this matter, and further assuming Plaintiff prevails, the value of the back pay would be $23,433.88 based on Plaintiff's wages at the time of his discharge.

**17.**

If he prevails on his employment discrimination claims, Plaintiff will also be entitled to seek compensatory and punitive damages. Plaintiff has sought such relief in his Complaint. Accordingly, the amount of the objective value of these claims is to be included in the assessment of the amount in controversy. Plaintiff states Defendants' alleged discriminatory acts caused him to be "severely pained, humiliated and upset emotionally and personally . . . ." (Complaint, ¶ 15). Because his claims of employment discrimination could objectively be viewed as worth at least $51,566.12, the total minimum amount in controversy is satisfied.

**18.**

Courts regularly award successful employment discrimination and/or wrongful termination plaintiffs in excess of $75,000.00 in compensatory and/or punitive damages. *See Shoucair v. Brown Univ.*, 917 A.2d 418 (R.I. 2007) (affirming award of $175,000.00 in compensatory damages under the FEPA to an employment discrimination and unlawful termination plaintiff); *McDonough v. City of Quincy*, 452 F.3d 8 (1st Cir. 2006) (affirming jury

award of $300,000.00 in compensatory damages to Title VII employment discrimination plaintiff)[1]; *Rodriguez-Torres v. Caribbean Forms Mfr., Inc.,* 399 F.3d 52, 64 (1st Cir. 2005) (affirming a $200,000 compensatory punitive damage award to a Title VII employment discrimination plaintiff); *Blockel v. J.C. Penney Co., Inc.*, 337 F.3d 17 (1st Cir. 2003) (affirming $435,000 in compensatory and punitive damages to employment discrimination plaintiff); *Rodriguez-Marin v. Rivera-Gonzalez,* 438 F.3d 78, 84-85 (1st Cir. 2006) (affirming compensatory damage awards to two Title VII employment discrimination plaintiffs of $180,000 and $105,000, and affirming punitive damage awards of $120,000 and $195,000). Therefore, Plaintiff's claims of compensatory and/or punitive damages could be objectively viewed as worth in excess of $75,000.00, and, could be valued in excess of the $51,566.12 needed to satisfy the $75,000.00 minimum amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**19.**

Plaintiff also asserts a claim against Defendants for intentional infliction of emotional distress and, if successful would be eligible to seek compensatory and punitive damages. Accordingly, these amounts are to be included in the assessment of the amount in controversy.

**20.**

Plaintiff asserts Defendants' alleged intentional infliction of emotional distress caused him "severe emotional distress" and that as a result, "Plaintiff has suffered physical and

---

[1] Courts hearing causes of action under RIFEPA have generally been guided by federal court rulings under Title VII. *See Newport Shipping, Inc. v. Rhode Island Commission for Human Rights*, 484 A.2d 893 (R.I. 1984); *Lieberman-Sack, D.M.D. v. Harvard Community Health Plan of New England, Inc.*, 882 F. Supp. 249, 254 (D.R.I. 1995).

emotional damages." (Complaint, ¶¶ 53-54). The Rhode Island Supreme Court has affirmed at least one award of damages in excess of $51,566.12 for an employer's intentional infliction of emotional distress of an employee. *D'Andrea v. Calgani*, 723 A.2d 276, (R.I. 1999) (affirming award of $56,583.01 for intentional infliction of emotional distress to an employee who brought claims of intentional inference with contractual relations against her employer).

**21.**

Plaintiff seeks an award of costs and reasonable attorney's fees, which are allowed to successful plaintiffs under both the FEPA and the RICRA. "[W]here a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdiction minimum is satisfied." *Grand Banks Yachts, Ltd.*, 2006 U.S. Dist. LEXIS 77902, *3-4 (D.R.I. Feb. 9, 2006) (finding employment dispute plaintiff could reasonably incur $26,770.00 in attorney's fees) (citing *Sarnoff v. American Home Prods. Corp.*, 798 F.2d 1075, 1078 (7th Cir. 1986); *Gerig v. Krause Publ'ns, Inc.*, 58 F. Supp. 2d 1261, 1264 (D. Kan. 1999). Courts have awarded attorney's fees to successful employment discrimination plaintiffs in amounts greater than $51,566.12. *See Parker v. Banner Solutions, Inc.*, 2007 R.I. Super. LEXIS 110, *16 (R.I. Super. Aug. 9, 2007) (awarding $117,816 in attorney's fees to successful FEPA plaintiff claiming constructive discharge); *Brown v. Freedman Baking Co., Inc.*, 810 F.2d 6, (1st Cir. 1987) (affirming attorney fee award of $67,399.25 to employment discrimination and retaliation plaintiff). In light of the foregoing, Plaintiff's claims could objectively be valued at more than $75,000, such that the minimum amount is in controversy to establish this Court's jurisdiction over this matter.

**22.**

Plaintiff has asserted multiple claims under the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act, and asserts a claim for intentional infliction of emotional distress. If he is successful and two and one-half years passes from his discharge to the resolution of this matter, Plaintiff's back pay award would be $23,433.88. The remaining damages sought in Plaintiff's Petition, compensatory damages, punitive damages and attorney's fees, could objectively be viewed as worth more than the $51,556.12 needed to place the minimum amount in controversy required for diversity jurisdiction. Accordingly, diversity jurisdiction is proper and this case can be removed to this Court.

**23.**

The fact that the claims asserted in Plaintiff's Complaint could be objectively viewed as worth more than $75,000.00 by no means indicates Plaintiff will recover that amount. Ruby Tuesday denies any fault, negligence, or liability on its part for Plaintiff's injuries or Plaintiff's damages. However, the proper inquiry here is what amount is in controversy under Plaintiff's Complaint. Based upon the foregoing facts, Plaintiff's Complaint seeks more than the $75,000.00 required for diversity jurisdiction to lie in this case. As such, this Court possesses subject matter jurisdiction under 28 U.S.C. § 1332.

WHEREFORE, Defendant, Ruby Tuesday, prays that this Notice of Removal be deemed good and sufficient and that this matter bearing number PC-07-5407 on the docket of the Superior Court for Providence County, Rhode Island, be removed from that court to the docket of this Honorable Court.

## NOTICE TO STATE COURT

A true and correct copy of this Notice of Removal is being promptly filed with the clerk of court for the Providence County Superior Court, as required by 28 U.S.C. § 1446(d).

Respectfully submitted,

Rebecca McSweeney

**Rebecca McSweeney** (R.I. Bar No. 4020)
JACKSON LEWIS LPP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
(401) 490-3444

AND

**Cornelius R. Heusel** (La. Bar. No. 06849) (*pro hac vice* pending)
**Jennifer L. Englander** (La. Bar No. 29572) (*pro hac vice* pending)
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8230
Facsimile: (504) 589-8230
Email: nheusel@joneswalker.com
jenglander@joneswalker.com

**Attorneys for Defendant, Ruby Tuesday, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 11th day of March, 2008, a true and correct copy of the above and foregoing Notice of Removal was served upon the attorney of record for Plaintiff, via First Class United States mail, as follows:

Gerard H. Donley, Esq.
1 Turks Head Place
Suite 503
76 Westminster Street
Providence, Rhode Island 02903

Rebecca McSweeney