STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

____ ***Providence County***
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

____ ***Kent County***
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

____ ***Newport County***
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

____ ***Washington County***
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. PC 07-5407

JACKIE COLLINS, alias
**Plaintiff**

RUBY TUESDAY, INC. alias, et al
**Defendant**

## ***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon GERARD H. DONLEY, ESQ. (401-943-9977 Plaintiff's attorney, whose address is One Turks Head Bldg., Suite 503, 76 Westminster Street, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: February 10, 2008

**(Seal of the Superior Court)**

EXHIBIT
A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
02/11/2008
CT Log Number 513073673

**TO:** Scarlett May, General Counsel
Ruby Tuesday, Inc.
150 West Church Avenue
Maryville, TN 37801

**RE: Process Served in Rhode Island**

**FOR:** Ruby Tuesday, Inc. (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jackie Collins, alias Marc Taylor, Pltf. vs. Ruby Tuesday, Inc. et al. Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Superior Court Providence/Bristol, RI<br>Case # PC07-5407 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of gender identity/expression and sexual orientation; wrongful termination in October 2006 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Hand Delivered on 02/11/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days - exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Gerard H. Donley, Esq.<br>1 Turks Head Place<br>Suite 503<br>76 Westminster Street<br>Providence, RI 02903<br>401-943-9977 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791496855786<br>Email Notification, Angela Jacobus ajacobus@rubytuesday.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>10 Weybosset Street - 9th Floor<br>Providence, RI 02903 |
| **TELEPHONE:** | 401-861-7400 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**PROVIDENCE, SC**

**JACKIE COLLINS, alias**
**MARC TAYLOR**
**Plaintiff,**
**VS.** **C.A. No. PC 07-5407**

**RUBY TUESDAY, INC., Alias,**
**and MICHAEL VACCARO, Alias**
**and ROBERT KIFF, Alias**
**Defendants.**

## COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on gender identity or expression and sexual orientation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq. and the Rhode Island Civil Rights Act, G.L. 1956 § 42-112-1 et seq.

## PARTIES

3. Plaintiff Marc Taylor, also known as Jackie Collins ("Plaintiff") is a citizen of the United States and of the State of Rhode Island.

4. Defendant, Ruby Tuesday, Inc., Alias ("Defendant") is a corporation duly authorized and licensed and doing business in the State of Rhode but organized under the laws of the State of Georgia with it's principal place of business in Maryville, TN.

5. Defendant Michael Vaccaro, Alias, ("Defendant Vaccaro") is an agent of the Defendant Ruby Tuesday, and was at pertinent times employed by Ruby Tuesday in the capacity of a Director of Ruby Tuesday restaurants in the area of Rhode Island, including the restaurant on Atwood Avenue in Johnston, Rhode Island, and performs his employment within Rhode Island

6. Defendant Robert Kiff, Alias, ("Defendant Kiff") upon information and belief, is a resident of Rhode Island and is an agent of the Defendant Ruby Tuesday, and at all pertinent times was employed as a manager at the Ruby Tuesday restaurant in Johnston, RI.

**ADMINSTRATIVE PROCEDURES**

7. On or about December 11, 2006, charges of employment discrimination on behalf of Plaintiff, based upon gender identity or expression and sexual orientation were filed with the Commission for Human Rights for the State of Rhode Island ("the Commission").

8. On or about August 31, 2007, the Commission issued a "Notice of Right To Sue" to Plaintiff.

9. This Complaint has been filed within ninety (90) days of the receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

10. Plaintiff was hired by Defendant Ruby Tuesday in September, 2006 in the position of host at the 1386 Atwood Avenue, Johnston, RI 02919 location.

11. Plaintiff always performed her duties and responsibilities in at least a satisfactory manner.

12. In or about the end of September, 2006, Plaintiff met or was observed performing her duties by Defendant Michael Vaccaro.

13. Within days thereafter, Plaintiff was notified by Defendants' agent / employee that she should agree to remain out of work for three consecutive days because Defendants expected that a high ranking Ruby Tuesday officer or executive would be visiting the Atwood Avenue location and that the said high ranking officer or executive would not approve of Plaintiff.

14. Plaintiff complied with the request of her employer that she absent herself from her job for the days during which the high ranking Ruby Tuesday officer or executive was expected to be visiting.

15. Plaintiff was severely pained, humiliated and upset emotionally and personally during the "days-off" episode in which she was told that her appearance and characteristics would be so disturbing to one of the Defendants' bosses that she should not come to work.

16. Plaintiff is a person whose gender-identity or expression, as defined by RIGL 25-5-6(10), is not conforming to that traditionally associated with Plaintiff's sex at birth.

17. Plaintiff remained out of work for the days Defendants requested.

18. In or about early October, 2006, Plaintiff returned to her duties as host at the Atwood Avenue Ruby Tuesday and again performed in at least satisfactory manner.

19. Following Plaintiff's completion of one of her shifts in early October, 2006, Plaintiff returned home and was telephoned by Defendant Kiff who informed her that she was fired.

20. Defendants incited and solicited the assistance of other of Defendants' employees to aid and abet Defendants in their arranging for Plaintiff to absent herself from work as described in paragraph 13 above.

21. Defendants cooperated with each other and coordinated their conduct and communications so as to cause Plaintiff to be absent from her job for three consecutive days prior to her return and ultimate termination.

22. Defendants cooperated with each other and coordinated their conduct and communications in firing Plaintiff.

**<u>COUNT I</u>**

**Rhode Island Fair Employment Practices Act ("FEPA")**

**RIGL 1956 §§ 28-5-1 et seq.**

**(Harassment)**

23. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

24. By the aforesaid actions, Defendants intentionally violated the FEPA.

25. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT II**

**Rhode Island Civil Rights Act ("RICRA")**

**RIGL 1956 §§ 42-112-1 et seq.**

**(Harassment)**

26. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

27. By the aforesaid actions, Defendants intentionally violated the RICRA.

28. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT III**

**Rhode Island Fair Employment Practices Act ("FEPA")**

**RIGL 1956 §§ 28-5-1 et seq.**

**(Termination)**

29. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

30. By the aforesaid actions, Defendants intentionally violated the FEPA.

31. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT IV**

**Rhode Island Civil Rights Act ("RICRA")**

**RIGL 1956 §§ 42-112-1 et seq.**

**(Termination)**

32. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

33. By the aforesaid actions, Defendants intentionally violated the RICRA.

34. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT V**

**Rhode Island Fair Employment Practices Act ("FEPA")**

**RIGL 1956 §§ 28-5-1 et seq.**

**(Solicitation & Incitement of Others)**

35. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

36. By the aforesaid actions, Defendants intentionally violated the FEPA.

37. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT VI**

**Rhode Island Civil Rights Act ("RICRA")**

**RIGL 1956§§ 42-112-1 et seq.**

**(Solicitation and Incitement of Others)**

38. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

39. By the aforesaid actions, Defendants intentionally violated the RICRA.

40. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT VII**

**Rhode Island Fair Employment Practices Act ("FEPA)**

**RIGL 1956 §§ 28-5-1 et seq.**

**(Aid & Abet Each Other To Harass)**

41. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

42. By the aforesaid actions, Defendants intentionally violated the FEPA.

43. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT VIII**

**Rhode Island Civil Rights Act ("RICRA")**

**RIGL 1956 §§ 42-112-1 et seq.**

**(Aid & Abet Each Other To Harass)**

44. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

45. By the aforesaid actions, Defendants intentionally violated the RICRA.

46. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

## COUNT IX

### Rhode Island Fair Employment Practices Act ("FEPA")

### RIGL 1956 §§ 28-5-1 et seq.

### (Aid & Abet Each Other to Terminate)

47. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

48. By the aforesaid actions, Defendants intentionally violated the FEPA.

49. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

## COUNT X

### Intentional Infliction of Emotional Distress

50. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

51. By the aforesaid actions, Defendants engaged in extreme and outrageous conduct.

52.. Defendants engaged in this conduct with the intent to cause Plaintiff to suffer emotional distress.

53. Defendants conduct caused Plaintiff severe emotional distress.

54.. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered physical and emotional damages.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful;

(2) order the Defendants to make the Plaintiff whole;

(3) order that the Defendants pay Plaintiff compensatory damages;

(4) order that the Defendants pay Plaintiff punitive damages;

(5) retain the jurisdiction of this action to ensure full compliance;

(6) order the Defendants to pay Plaintiff costs and expenses and reasonable attorney's fees;

(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Honorable Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff
By her attorney,

GERARD H. DONLEY, ESQ. #3509
1 Turks Head Place, Suite 503
76 Westminster Street
Providence, RI USA 02903
Tel: 401-943-9977
Email: donleylaw@cox.net

Date: October 10, 2007

(AS AMENDED FEBRUARY 10, 2008)

**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**PROVIDENCE, SC.**

| | |
|---|---|
| **JACKIE COLLINS, alias MARC TAYLOR,** Plaintiff, | |
| v. | **C.A. No.: 07-5407** |
| **RUBY TUESDAY, INC., alias,** Defendant | |

IT IS HEREBY STIPULATED AND AGREED, by and between Counsel for Plaintiff Jackie Collins, alias Marc Taylor, and Counsel for Defendant Ruby Tuesday, Inc., that Plaintiff's time to Answer, move or otherwise respond to Plaintiff's Interrogatories and Request for Production shall be enlarged to and including **March 31, 2008**.

Dated: March 7, 2008 By: ______________________

Gerard H. Donley, Esq. (R.I. Bar No. 3509)
1 Turks Head Place, Suite 503
76 Westminster Street
Providence, RI 02903
COUNSEL FOR PLAINTIFF

Dated: March 3, 2008 By: ______________________

Rebecca McSweeney (R.I. Bar No. 4020)
JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444
COUNSEL FOR DEFENDANT