**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JACKIE COLLINS, alias MARK TAYLOR**<br><br>**Plaintiff,**<br><br>**V.**<br><br>**RUBY TUESDAY, INC., MICHAEL VACARRO, and ROBERT KIFF**<br><br>**Defendants.** | **CIVIL ACTION NO. 2008-90** |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Ruby Tuesday, Inc., who submits the following *Answer and Affirmative Defenses to Plaintiff's Amended Complaint* as follows:

1. Ruby Tuesday denies the allegations contained in paragraph 1 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

2. Ruby Tuesday is not called on to admit or deny the statement in paragraph 2.

3. Ruby Tuesday denies the allegations contained in paragraph 3 of *Amended Complaint* for lack of sufficient information to justify a belief therein.

4. Ruby Tuesday admits the allegations in paragraph 4 of the *Amended Complaint*.

5. Ruby Tuesday admits Mr. Vacarro is employed as a Director of Ruby Tuesday whose area of responsibility includes, in part, Rhode Island and the restaurant on Atwood Avenue in Johnston, Rhode Island. Mr. Vacarro performs his employment, in part, in Rhode Island. Ruby Tuesday denies the remaining allegations contained in paragraph 5 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

6. Ruby Tuesday admits that Mr. Kiff is employed as a general manager at Ruby Tuesday's Johnston, Rhode Island location. Ruby Tuesday denies the remaining allegations contained in Paragraph 6 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

7. Ruby Tuesday denies that Plaintiff filed a charge of discrimination based on sexual orientation. Ruby Tuesday admits the remaining allegations contained in paragraph 7 of the *Amended Complaint*, but denies that it engaged in discriminatory employment practices.

8. Ruby Tuesday admits the allegation contained in paragraph 8 of the *Amended Complaint*.

9. Ruby Tuesday denies the allegations contained in paragraph 9 of the *Amended Complaint*.

10. Ruby Tuesday admits the allegations contained in paragraph 10, of the *Amended Complaint*.

11. Ruby Tuesday denies the allegations contained in paragraph 11 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

12. Ruby Tuesday denies the allegation contained in paragraph 12 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

13. Ruby Tuesday denies the allegations contained in paragraph 13 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

14. Ruby Tuesday denies the allegations contained in paragraph 14 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

15. Ruby Tuesday denies the allegations contained in paragraph 15 of the *Amended Complaint*.

16. Ruby Tuesday denies the allegations contained in paragraph 16 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

17. Ruby Tuesday denies the allegations contained in paragraph 17 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

18. Ruby Tuesday denies the allegations contained in paragraph 18 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

19. Ruby Tuesday admits Mr. Kiff informed Plaintiff of his discharge, but denies the remaining allegations contained in paragraph 19 of the *Amended Complaint* for lack of sufficient information to justify a belief therein.

20. Ruby Tuesday denies the allegations contained in paragraph 20 of the *Amended Complaint*.

21. Ruby Tuesday denies the allegations contained in paragraph 21 of the *Amended Complaint*.

22. Ruby Tuesday denies the allegations contained in paragraph 22 of the *Amended Complaint*.

23. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

24. Ruby Tuesday denies the allegations contained in paragraph 24 of the *Amended Complaint*.

25. Ruby Tuesday denies the allegations contained in paragraph 25 of the *Amended Complaint*.

26. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

27. Ruby Tuesday denies the allegations contained in paragraph 27 of the *Amended Complaint*.

28. Ruby Tuesday denies the allegations contained in paragraph 28 of the *Amended Complaint*.

29. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

30. Ruby Tuesday denies the allegations contained in paragraph 30 of the *Amended Complaint*.

31. Ruby Tuesday denies the allegations contained in paragraph 31 of the *Amended Complaint*.

32. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

33. Ruby Tuesday denies the allegations contained in paragraph 33 of the *Amended Complaint*.

34. Ruby Tuesday denies the allegations contained in paragraph 34 of the *Amended Complaint*.

35. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

36. Ruby Tuesday denies the allegations contained in paragraph 36 of the *Amended Complaint*.

37. Ruby Tuesday denies the allegations contained in paragraph 37 of the *Amended Complaint*.

38. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

39. Ruby Tuesday denies the allegations contained in paragraph 39 of the *Amended Complaint*.

40. Ruby Tuesday denies the allegations contained in paragraph 40 of the *Amended Complaint*.

41. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

42. Ruby Tuesday denies the allegations contained in paragraph 42 of the *Amended Complaint*.

43. Ruby Tuesday denies the allegations contained in paragraph 43 of the *Amended Complaint*.

44. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

45. Ruby Tuesday denies the allegations contained in paragraph 45 of the *Amended Complaint*.

46. Ruby Tuesday denies the allegations contained in paragraph 46 of the *Amended Complaint*.

47. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

48. Ruby Tuesday denies the allegations contained in paragraph 48 of the *Amended Complaint*.

49. Ruby Tuesday denies the allegations contained in paragraph 49 of the *Amended Complaint*.

50. Ruby Tuesday incorporates by reference all of its preceding answers and defenses as if fully set forth herein.

51. Ruby Tuesday denies the allegations contained in paragraph 51 of the *Amended Complaint*.

52. Ruby Tuesday denies the allegations contained in paragraph 52 of the *Amended Complaint*.

53. Ruby Tuesday denies the allegations contained in paragraph 53 of the *Amended Complaint*.

54. Ruby Tuesday denies the allegations contained in paragraph 54 of the *Amended Complaint*.

Respectfully submitted,

/S/

Rebecca McSweeney (R.I. Bar No. 4020)
JACKSON LEWIS LPP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
(401) 490-3444

AND

Cornelius R. Heusel (La. Bar No. 06849),
*Pro hac vice* pending
Jennifer L. Englander (La. Bar No. 29572),
*Pro hac vice* pending
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
Email: nheusel@joneswalker.com
Email: jenglander@joneswalker.com
*Attorneys for Defendant, Ruby Tuesday, Inc.*

**FIRST AFFIRMATIVE DEFENSE**

With respect to some or all of Plaintiff's claims, Plaintiff's *Complaint* fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are time barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Ruby Tuesday has in place a clear and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff failed to take advantage of the preventive or corrective opportunities provided by Ruby Tuesday, or to otherwise avoid harm, Plaintiff's claims of alleged discrimination fail.

**FOURTH AFFIRMATIVE DEFENSE**

All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory and reasonable business reasons.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff cannot prove the elements sufficient to establish his claim of intentional infliction of emotional distress; specifically, Plaintiff cannot prove extreme or outrageous behavior, intent, severe emotional distress, or damages.

**SIXTH AFFIRMATIVE DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Ruby Tuesday, Plaintiff has failed to mitigate or minimize the alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff claims or establishes liability (which Ruby Tuesday denies), Ruby Tuesday is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings Plaintiff could have earned had he made a reasonable effort to mitigate his damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff cannot prove the elements sufficient to establish punitive damages; specifically, Plaintiff cannot prove Ruby Tuesday acted maliciously.

## NINTH AFFIRMATIVE DEFENSE

To the extent Ruby Tuesday discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge under company policy, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.

## TENTH AFFIRMATIVE DEFENSE

Ruby Tuesday reserves the right to assert additional affirmative defenses, if and when, in the course of its investigation, discovery, or preparation for trial, they become known or are available or it otherwise becomes appropriate to assert such affirmative defenses

**FURTHER**, Ruby Tuesday is not called upon to affirm or deny the prayer contained in the *Complaint*, but affirmatively states that the *Complaint* is neither appropriate nor justified, and there are no facts or law warranting the granting of Plaintiff's prayer for relief.

**WHEREFORE,** Ruby Tuesday prays that its *Answer and Affirmative Defenses to Plaintiff's Complaint* be deemed good and sufficient, and that after due proceedings, there be judgment in its favor and against Plaintiff thereby dismissing the *Complaint* at his cost and for such other further relief as justice and law may require.

Respectfully submitted,

/S/

Rebecca McSweeney (R.I. Bar No. 4020)
JACKSON LEWIS LPP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
(401) 490-3444

AND

Cornelius R. Heusel (La. Bar No. 06849),
*Pro hac vice* pending
Jennifer L. Englander (La. Bar No. 29572),
*Pro hac vice* pending
JONES, WALKER, WAECHTER, POITEVENT, CARRERE
& DENEGRE, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
Email: nheusel@joneswalker.com
Email: jenglander@joneswalker.com
*Attorneys for Defendant, Ruby Tuesday, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2008, I electronically filed Defendant Ruby Tuesday, Inc.'s **Answers and Affirmative Defenses to Plaintiff's Complaint** using the CM/ECF System, which will send a Notice of Electronic Filing to all counsel of record:

Gerard H. Donley, Esq.
1 Turks Head Place
Suite 503
76 Westminster Street
Providence, Rhode Island 02903

_______/S/_____________________________
Rebecca McSweeney