**2. Because the Original Complaint must be dismissed, the 90-day statute of limitations does not toll and the Amended Complaint is untimely.**

Dismissal without prejudice under Rule 4(m) is not "without consequence" . . . "if the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." Tuke v. U.S., 76 F.3d 155, 156 (7th Cir. 1996); Chico-Valez, 139 F.3d at 59 (stating "dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action."). Here, Plaintiff was required to file suit within 90 days of the Commission's Notice of Right to Sue, or no later than November 29, 2007. Because his October 10, 2007 Complaint should be dismissed without prejudice under Rule 4(m), Plaintiff's new suit must satisfy the 90-day statute of limitations, which did not toll upon the filing of the Original Complaint. Tuke, 76 F.3d at 156; Chico-Valez, 139 F.3d at 59.

It is well-established that in employment discrimination cases, a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice. Chico-Valez, 139 F.3d at 58 (stating federal courts should adhere to a narrow interpretation of equitable tolling in employment cases) (citing Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir. 1995), cert. denied, 516 U.S. 944 (1995); Brown v. Hartshorne Sch. Dist. # 1, 926 F.2d 959, 961 (10th Cir. 1991); Robinson v. Willow Glen Academy, 895 F.2d 1168, 1169 (7th Cir. 1990); Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir. 1987) (per curiam); Taylor v. Bunge Corp., 775 F.2d 617, 619 (5th Cir. 1985); Cardio-Medical Assoc. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3rd Cir. 1983); Stein v. Reynolds Secs., Inc., 667 F.2d 33, 34 (11th Cir. 1982)); see also Rys, 886 F.2d at 446. In such cases, the plaintiff must re-file within the original 90-day time limitation. Chico-Valez, 139 F.3d at 58.

In Morales v. Instituto Comercial De Puerto Rico Junior College, 40 F. Supp. 2d 62, 63 (D.P.R. 1999), judgment aff'd., 215 F.3d 1311 (1st Cir. 2000), the plaintiff timely filed suit within 90 days of receiving her Notice of Right to Sue from the EEOC. However, the court dismissed her complaint without prejudice after the ninetieth day. Morales, 40 F. Supp. 2d at 63. The plaintiff subsequently, and well-past the 90-day statute of limitations, filed her second complaint. Id. The court dismissed the second complaint, reasoning the dismissal without prejudice of the original complaint "left the situation as if no case had ever been filed" and thus did not toll the 90-day statute of limitations for filing suit. Morales, 40 F. Supp. 2d at 66.

Here, Plaintiff failed to timely serve his Original Complaint within 120 days of filing, and it must, therefore, be dismissed without prejudice. R.I. Super. R. Civ. P. 4(l); Fed. R. Civ. P. 4(m); D'Amario, 750 F. Supp. at 563. Accordingly, the 90-day limitations period within which Plaintiff was required to file suit did not toll, and Plaintiff was required to re-file on or before November 29, 2007, to avoid dismissal of his action. See Chico-Valez, 139 F.3d at 58-59 (dismissing plaintiff's second action filed outside the 90-day time period after his first, timely, action was dismissed without prejudice for failure to obey a court order); Edwards v. Tacoma Public Schools, 2006 WL 3000897, 10 (W.D. Wash. Oct. 20, 2006), aff'd., 2008 WL 1817379 (9th Cir. Apr. 23, 2008) (a timely filed complaint that was later dismissed without prejudice for insufficiency of service of process did not toll the 90-day filing requirement). Plaintiff did not re-file his complaint on or before November 29, 2007, but filed an identical Amended Complaint on February 10, 2008. The Amended Complaint should be dismissed as untimely, as it was filed outside of the 90-day statute of limitations period.

**3. Plaintiff's Amended Complaint is also untimely because it fails to relate back under Federal Rule of Civil Procedure 15(c).**

Plaintiff filed his Amended Complaint on February 10, 2008, three days after the time for serving the Original Complaint had passed, and more than two months after the 90-day statute of limitations for filing such complaint expired. The Amended Complaint is therefore untimely unless it relates back to the filing of the original petition. R.I. Super. R. Civ. P. 15(c); Fed. R. Civ. P. 15(c)[5]; Cholopy v. City of Providence, 228 F.R.D. 412, 415 (D.R.I. 2005) (citing LeCedra v. Donald W. Wyatt Det. Facility, 334 F. Supp. 2d 114, 127 (D.R.I. 2004); Wilson v. U.S., 23 F.3d 559, 562 (1st Cir. 1994)).

The linchpin of the Rule 15(c) relation-back doctrine is notice, and notice within the limitations period. Schiavone, 477 U.S. at 31. Although this notice requirement is most often discussed with respect to a new defendant added through the amended pleading, see Cholopy, 228 F.R.D. at 415; LeCedra, 334 F. Supp. 2d at 127; Wilson, 23 F.3d at 562, the notice requirement equally applies to the present situation, where the purported amendment does not add a new defendant, as the original defendants nonetheless did not have actual or constructive notice of the original pleading through lack of service, or attempted service.

If the complaint is not served, whether properly or improperly, within the required 120-day period, the defendant cannot have notice, actual or constructive, of the complaint. A subsequent amended complaint does not present a second chance to satisfy the service requirements. Cholopy, 228 F.R.D. at 415; Etemad, 43 F.3d at 1479; Boudette v. Barnette, 923 F.2d 754, 755 n.2 (9th Cir. 1991). If Rule 15(c) allowed a party who failed to serve process to bring a stale claim through an identical amended complaint, then current Federal Rule 4(m) would be rendered ineffective. Etemad, 43 F.3d at 1479. In Etemad, a case identical to the one at

---

[5] Rhode Island State Court Rules provides identical requirements to Federal Rule 15(c).

hand, the plaintiff failed to serve her complaint on defendant, and after time for service had passed attempted to file an amended complaint. Id. The Court recognized that the plaintiff's amended complaint was not an attempt to add a new claim or correct a named defendant, and found it did not relate back to the original complaint, and was therefore untimely. Id. In reasoning that the relation back doctrine of Rule 15(c) does not affect the Rule 4(m) analysis, the court stated that the use of Rule 15(c) to skirt service requirements would ultimately render Rule 4(m) ineffective. Id.

In the present case, Plaintiff's Amended Complaint was filed outside the time periods for filing and serving the Original Complaint. Plaintiff failed to provide any notice of the suit by completely refraining from serving, or attempting to serve, the Original Complaint on Ruby Tuesday. Without timely notice, the Amended Complaint cannot relate back to the Original Complaint. Moreover, the Amended Complaint does not attempt to correct a mistake in the Original Complaint, either by add a new claim or a new party. See Etemad, 43 F.3d at 1479. It is clear that the Amended Complaint was filed in an attempt to skirt the service requirement and revive Plaintiff's stale claim. As a result, the Amended Complaint does not relate back and should be dismissed.

## V. CONCLUSION

The record is clear that Plaintiff failed to serve the Original Complaint, and then attempted to skirt the Rules of Civil Procedure by filing an identical Amended Complaint outside the statutes of limitations for filing and service. This Amended Complaint does not relate back to revive Plaintiff's stale claims. Plaintiff's Complaint and Amended Complaint should be dismissed under Fed. R. Civ. P. 12(c) with prejudice, because any re-filing of his claims would be futile in light of the expiration of the statute of limitations.

Respectfully submitted,

/S/ Rebecca McSweeney

Rebecca McSweeney (R.I. Bar No. 4020)
JACKSON LEWIS LPP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
(401) 490-3444

AND

Cornelius R. Heusel (La. Bar No. 06849),
*Pro hac vice* pending
Jennifer L. Englander (La. Bar No. 29572),
*Pro hac vice* pending
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
Email: nheusel@joneswalker.com
Email: jenglander@joneswalker.com
*Attorneys for Defendant, Ruby Tuesday, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2008, I electronically filed Defendant Ruby Tuesday, Inc.'s **Memorandum in Support of Defendant's Rule 12(c) Motion to Dismiss** using the CM/ECF System, which will send a Notice of Electronic Filing to all counsel of record:

Gerard H. Donely, Esq.
1 Turks Head Place
Suite 503
76 Westminster Street
Providence, Rhode Island 02903

/S/ Rebecca McSweeney