IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **JACKIE COLLINS, alias MARK TAYLOR** | ) | |
| **Plaintiff,** | ) | |
| V. | ) | **CIVIL ACTION NO. 2008-90-T** |
| **RUBY TUESDAY, INC., MICHAEL VACCARO, and ROBERT KIFF** | ) | |
| **Defendants** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(C) MOTION TO DISMISS**

Defendant Ruby Tuesday, Inc. ("Ruby Tuesday") files this Memorandum in support of its Rule 12(c) Motion to Dismiss. For the reasons set forth below, Plaintiff Marc Taylor's, *alias* Jackie Collins, ("Plaintiff"), Complaint is time-barred under the time limitations for filing and service set forth by the State of Rhode Island Commission for Human Rights ("Commission") and the Federal Rules of Civil Procedure. The Court should grant Ruby Tuesday's Motion to Dismiss because Plaintiff can prove no set of facts to establish his Complaint and Amended Complaint were properly filed and served, such that Plaintiff's Complaint and Amended Complaint should be dismissed, with prejudice and at his sole expense.

## I. INTRODUCTION

Plaintiff, a former employee of Ruby Tuesday, alleges Ruby Tuesday engaged in employment discrimination based on gender identity or expression and sexual orientation. On December 11, 2006, Plaintiff filed a charge of Discrimination with the Commission. (Amended Complaint, Rec. Doc. 1-3, p. 4 ¶7). On August 31, 2007, the Commission notified Plaintiff of his

{N1819688.1}

Right to Sue. (Rec. Doc. 1-3, p. 4 ¶8). Pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island, Plaintiff was required to file suit within 90 days of August 31, 2007, or no later than November 29, 2007. On October 10, 2007, Plaintiff filed a Complaint bearing Civil Action No. PC 07-5407, on the docket for the Superior Court for Providence County, State of Rhode Island, alleging violations of the Rhode Island Civil Rights Act, G.L. § 42-112-1, et seq., and the Rhode Island Fair Employment Practices Act, G.L. § 28-5-1, et seq. (Rec. Doc. 2, a certified copy of this Original Complaint is attached as Exhibit A). Plaintiff never served the Original Complaint upon Ruby Tuesday, which did not receive any notice, actual or constructive, of the Original Complaint.

On February 10, 2008, Plaintiff filed an "Amended Complaint," which was served upon Ruby Tuesday on February 11, 2008.[1] (Rec. Doc. 1-3). However, because Plaintiff never served the Original Complaint, the Amended Complaint does not relate back to the Original Complaint and is untimely. Plaintiff's action is time-barred and should be dismissed with prejudice.[2]

## II. DISMISSAL UNDER FED. R. CIV. P. ART. 12(C)

The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007) (citing Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005); Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998), writ

[1] The record contains no indication that summons was issued for Defendants Robert Kiff and Michael Vacarro or that these defendants were otherwise served with Plaintiff's Original Complaint or Amended Complaint. Because Defendants Kiff and Vacarro have not been served with either pleading, if the Court grants this Motion, it is proper to dismiss all claims against all parties.

[2] Ruby Tuesday removed this case to this Court on March 12, 2008, thus, federal procedural rules govern the proceeding. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 437 (1974).

denied, 526 U.S. 1023 (1999)). "'[T]he trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor.'" Pasdon, 417 F.3d at 226 (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (internal citations omitted)).

## III. APPLICABLE STATUTE OF LIMITATIONS

An employment discrimination complainant may commence a civil action in the Superior Court within any county in Rhode Island after exhausting his administrative remedies with the Rhode Island Commission for Human Rights or the Equal Employment Opportunity Commission ("EEOC"). R.I. Gen. Laws § 28-5-24.1 (2007). Any such action must be filed within 90 days after the Commission's granting of a Right to Sue. Id. This is identical to the time limit for filing suit under Title VII, 42 U.S.C. § 2000e-5(f)(1)[3], following a Notice of Right to Sue from the EEOC, and is considered a "statute of limitations." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 123 (2002).

Timeliness of the complaint is of the utmost importance in employment discrimination claims. Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (citing Rys v. U.S.P.S., 886 F.2d 443, 446 (1st Cir. 1989)); Taal v. Hannaford Bros. Co., 211 Fed. Appx. 4, 5 (1st Cir. 2006). Tolling of the 90-day statute of limitations should be used sparingly, and is not applicable at all where the timely filed complaint is subsequently dismissed without prejudice. Bonilla, 194 F.3d at 278; Chico-Valez v. Roche Products, Inc., 139 F.3d 56, 58 (1st Cir. 1998).

In addition to filing requirements, a plaintiff must serve the defendant with the complaint no later than 120 days after it is filed. R.I. Super. R. Civ. P. 4(l); Fed. R. Civ. P. 4(m). If the

[3] Courts hearing causes of action under Rhode Island's Fair Employment Practices Act have been guided by Federal Courts interpreting Title VII. Newport Shipyard, Inc. v. Rhode Island Commission for Human Rights, 484 A.2d 893 (R.I. 1984).

plaintiff cannot show just cause for the delay, the court **must** dismiss the action without prejudice or order that service be made within a specified time. Id.; D'Amario v. Russo, 750 F. Supp. 560, 563 (D.R.I. 1990) ("When the plaintiff has failed to make any attempt at service during the 120-day period, it is likely that a court will find that no showing of good cause for violation of the 120-day rule has been made." (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304 (5th Cir. 1985); Coleman v. Greyhound Lines, Inc., 100 F.R.D. 476 (N.D. Ill. 1984)).

A plaintiff cannot skirt around the time limit for service by filing an amended complaint after the time for service has expired, unless the amended complaint "relates back" to the original pleading. R.I. Super. R. Civ. P. 15(c); Fed. R. Civ. P. 15(c); Etemad v. State of California, 43 F.3d 1479 (9th Cir. 1994), cert. denied, 516 U.S. 841 (1995). The lynchpin of relation back under Rule 15(c) is notice of the original complaint, whether actual or constructive, within the time for service of the original complaint. Schiavone v. Fortune, 477 U.S. 21, 31 (1986). If the amended pleading does not assert any new claims, or does not add a new party, it does not "relate back" to the original pleading simply to evade dismissal under Rule 4(m) for failure to serve process. Etemad, 43 F.3d at 1479.

## IV. PLAINTIFF'S CLAIMS AGAINST RUBY TUESDAY ARE TIME-BARRED AND SHOULD BE DISMISSED WITH PREJUDICE.

### 1. Plaintiff's Original Complaint should be dismissed because it was not timely served on the Defendant and good cause for the delay cannot be shown.

A plaintiff must serve the defendant within 120 days after the complaint is filed. R.I. Super. R. Civ. P. 4(l); Fed. R. Civ. P. 4(m). According to the record, the Original Complaint was first filed on October 10, 2007. (Rec. Doc. 2). Therefore, Plaintiff had to serve Ruby Tuesday with this Original Complaint on or before February 7, 2008. However, Plaintiff **never** served the

Original Complaint on Ruby Tuesday, and no summons was issued on or before February 7, 2008, regarding the Original Complaint. Upon information and belief, Plaintiff never attempted to serve Ruby Tuesday with the Original Complaint. Because Plaintiff failed to serve the Summons and a copy of the Complaint within 120 days, he must provide good cause for the failure in order to avoid dismissal of his claims. D'Amario, 750 F. Supp. at 563 (citing Winters, 776 F.2d 1304; Coleman, 100 F.R.D. 476).

"Good cause" requires evidence of more than simple ignorance of the rule or failure to note the 120-day limit. Id.; Townsel v. County of Contra Costa, California, 820 F.2d 319, 320 (9th Cir. 1987). In Townsel, the plaintiff made no attempt to serve his civil rights complaint upon defendant within the 120-day time limit. Id. at 320. In denying plaintiff's subsequently filed motion to enlarge time for service and dismissing the claim, the court found no excusable neglect and stated that the 120-day time period for service properly "balanced the possible loss of a litigant's . . . cause of action against the need to encourage diligent prosecution of lawsuits." Id. at 321 (citing Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (pur curiam)). A plaintiff cannot establish good cause for failing to serve where there is no reasonable effort to serve or a mistaken belief as to the proper representative for service. Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 666 (D. Vt. 1996); D'Amario, 750 F. Supp. at 563. The First Circuit Court of Appeals has been hesitant in recognizing "good cause," and has done so in situations where some proof of action has been offered by the Plaintiff. Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993), cert. denied, 510 U.S. 1112 (1994) (court found good cause for delay where the plaintiff offered deputy sheriff's sworn representation in return of service).

Here, Plaintiff is incapable of presenting similar evidence. The record reflects that no Summons was timely issued regarding the Original Complaint, which was never served on Ruby

Tuesday. Indeed, Summons was first issued February 10, 2008, **after** the 120-day time period for service expired, and then the Summons only pertained to the untimely Amended Complaint. (Rec. Doc. 1-3). Furthermore, Ruby Tuesday is a well-known, publicly traded, national corporation whose agent for service is easily determined through business records made available by the Rhode Island Secretary of State. (See Rec. Doc. 1-4). See e.g., Schiavone, 477 U.S. at 27-28 (plaintiff's naming of wrong defendant inexcusable where proper defendant clearly discernable from defendant-magazine's masthead). Finally, Plaintiff never sought an extension of the service deadline, which is further evidence of a lack of good cause. Wright & Miller, Fed. Prac. & Proc., Vol. 4a § 1137, fn. 4.1 (2000); Bachenski v. Malnati, 11 F.3d 1371 (7th Cir. 1993).

Plaintiff had both ample means and opportunity to properly serve Ruby Tuesday with the Original Complaint. He simply sat on his rights and failed to do so. There are no exigent circumstances involved in this case and, in light of the foregoing, Plaintiff cannot show good cause to justify his failure to effect service. This is particularly evident in light of Plaintiff's ability to file, albeit untimely, an Amended Complaint on February 10, and **serve** Ruby Tuesday with that Amended Complaint **the very next day**. There is no reason why Plaintiff could not have timely served Ruby Tuesday with the Original Complaint. Instead of doing so, he filed an **identical** Amended Complaint as a calculated means of skirting an unambiguous time limitation. As a result, Plaintiff's Original Complaint should be dismissed.[4]

[4] Ruby Tuesday's Removal of Plaintiff's time-barred state action does not revive the claims raised in his Petition, which can be properly dismissed by this Court as untimely. Bryan v. Fireman's Fund In s. Cos., 35 Fed. Appx. 591 (9th Cir. 2002) (stating that state court rules of procedure apply until removal, and that "the act of removing a time-barred state diversity action cannot revive a suit that is already time-barred.").

**2. Because the Original Complaint must be dismissed, the 90-day statute of limitations does not toll and the Amended Complaint is untimely.**

Dismissal without prejudice under Rule 4(m) is not "without consequence" . . . "if the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." Tuke v. U.S., 76 F.3d 155, 156 (7th Cir. 1996); Chico-Valez, 139 F.3d at 59 (stating "dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action."). Here, Plaintiff was required to file suit within 90 days of the Commission's Notice of Right to Sue, or no later than November 29, 2007. Because his October 10, 2007 Complaint should be dismissed without prejudice under Rule 4(m), Plaintiff's new suit must satisfy the 90-day statute of limitations, which did not toll upon the filing of the Original Complaint. Tuke, 76 F.3d at 156; Chico-Valez, 139 F.3d at 59.

It is well-established that in employment discrimination cases, a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice. Chico-Valez, 139 F.3d at 58 (stating federal courts should adhere to a narrow interpretation of equitable tolling in employment cases) (citing Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir. 1995), cert. denied, 516 U.S. 944 (1995); Brown v. Hartshorne Sch. Dist. # 1, 926 F.2d 959, 961 (10th Cir. 1991); Robinson v. Willow Glen Academy, 895 F.2d 1168, 1169 (7th Cir. 1990); Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir. 1987) (per curiam); Taylor v. Bunge Corp., 775 F.2d 617, 619 (5th Cir. 1985); Cardio-Medical Assoc. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3rd Cir. 1983); Stein v. Reynolds Secs., Inc., 667 F.2d 33, 34 (11th Cir. 1982)); see also Rys, 886 F.2d at 446. In such cases, the plaintiff must re-file within the original 90-day time limitation. Chico-Valez, 139 F.3d at 58.

In Morales v. Instituto Comercial De Puerto Rico Junior College, 40 F. Supp. 2d 62, 63 (D.P.R. 1999), judgment aff'd., 215 F.3d 1311 (1st Cir. 2000), the plaintiff timely filed suit within 90 days of receiving her Notice of Right to Sue from the EEOC. However, the court dismissed her complaint without prejudice after the ninetieth day. Morales, 40 F. Supp. 2d at 63. The plaintiff subsequently, and well-past the 90-day statute of limitations, filed her second complaint. Id. The court dismissed the second complaint, reasoning the dismissal without prejudice of the original complaint "left the situation as if no case had ever been filed" and thus did not toll the 90-day statute of limitations for filing suit. Morales, 40 F. Supp. 2d at 66.

Here, Plaintiff failed to timely serve his Original Complaint within 120 days of filing, and it must, therefore, be dismissed without prejudice. R.I. Super. R. Civ. P. 4(l); Fed. R. Civ. P. 4(m); D'Amario, 750 F. Supp. at 563. Accordingly, the 90-day limitations period within which Plaintiff was required to file suit did not toll, and Plaintiff was required to re-file on or before November 29, 2007, to avoid dismissal of his action. See Chico-Valez, 139 F.3d at 58-59 (dismissing plaintiff's second action filed outside the 90-day time period after his first, timely, action was dismissed without prejudice for failure to obey a court order); Edwards v. Tacoma Public Schools, 2006 WL 3000897, 10 (W.D. Wash. Oct. 20, 2006), aff'd., 2008 WL 1817379 (9th Cir. Apr. 23, 2008) (a timely filed complaint that was later dismissed without prejudice for insufficiency of service of process did not toll the 90-day filing requirement). Plaintiff did not re-file his complaint on or before November 29, 2007, but filed an identical Amended Complaint on February 10, 2008. The Amended Complaint should be dismissed as untimely, as it was filed outside of the 90-day statute of limitations period.

**3. Plaintiff's Amended Complaint is also untimely because it fails to relate back under Federal Rule of Civil Procedure 15(c).**

Plaintiff filed his Amended Complaint on February 10, 2008, three days after the time for serving the Original Complaint had passed, and more than two months after the 90-day statute of limitations for filing such complaint expired. The Amended Complaint is therefore untimely unless it relates back to the filing of the original petition. R.I. Super. R. Civ. P. 15(c); Fed. R. Civ. P. 15(c)[5]; Cholopy v. City of Providence, 228 F.R.D. 412, 415 (D.R.I. 2005) (citing LeCedra v. Donald W. Wyatt Det. Facility, 334 F. Supp. 2d 114, 127 (D.R.I. 2004); Wilson v. U.S., 23 F.3d 559, 562 (1st Cir. 1994)).

The linchpin of the Rule 15(c) relation-back doctrine is notice, and notice within the limitations period. Schiavone, 477 U.S. at 31. Although this notice requirement is most often discussed with respect to a new defendant added through the amended pleading, see Cholopy, 228 F.R.D. at 415; LeCedra, 334 F. Supp. 2d at 127; Wilson, 23 F.3d at 562, the notice requirement equally applies to the present situation, where the purported amendment does not add a new defendant, as the original defendants nonetheless did not have actual or constructive notice of the original pleading through lack of service, or attempted service.

If the complaint is not served, whether properly or improperly, within the required 120-day period, the defendant cannot have notice, actual or constructive, of the complaint. A subsequent amended complaint does not present a second chance to satisfy the service requirements. Cholopy, 228 F.R.D. at 415; Etemad, 43 F.3d at 1479; Boudette v. Barnette, 923 F.2d 754, 755 n.2 (9th Cir. 1991). If Rule 15(c) allowed a party who failed to serve process to bring a stale claim through an identical amended complaint, then current Federal Rule 4(m) would be rendered ineffective. Etemad, 43 F.3d at 1479. In Etemad, a case identical to the one at

[5] Rhode Island State Court Rules provides identical requirements to Federal Rule 15(c).

hand, the plaintiff failed to serve her complaint on defendant, and after time for service had passed attempted to file an amended complaint. Id. The Court recognized that the plaintiff's amended complaint was not an attempt to add a new claim or correct a named defendant, and found it did not relate back to the original complaint, and was therefore untimely. Id. In reasoning that the relation back doctrine of Rule 15(c) does not affect the Rule 4(m) analysis, the court stated that the use of Rule 15(c) to skirt service requirements would ultimately render Rule 4(m) ineffective. Id.

In the present case, Plaintiff's Amended Complaint was filed outside the time periods for filing and serving the Original Complaint. Plaintiff failed to provide any notice of the suit by completely refraining from serving, or attempting to serve, the Original Complaint on Ruby Tuesday. Without timely notice, the Amended Complaint cannot relate back to the Original Complaint. Moreover, the Amended Complaint does not attempt to correct a mistake in the Original Complaint, either by add a new claim or a new party. See Etemad, 43 F.3d at 1479. It is clear that the Amended Complaint was filed in an attempt to skirt the service requirement and revive Plaintiff's stale claim. As a result, the Amended Complaint does not relate back and should be dismissed.

## V. CONCLUSION

The record is clear that Plaintiff failed to serve the Original Complaint, and then attempted to skirt the Rules of Civil Procedure by filing an identical Amended Complaint outside the statutes of limitations for filing and service. This Amended Complaint does not relate back to revive Plaintiff's stale claims. Plaintiff's Complaint and Amended Complaint should be dismissed under Fed. R. Civ. P. 12(c) with prejudice, because any re-filing of his claims would be futile in light of the expiration of the statute of limitations.

Respectfully submitted,

/S/ Rebecca McSweeney

Rebecca McSweeney (R.I. Bar No. 4020)
JACKSON LEWIS LPP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
(401) 490-3444

AND

Cornelius R. Heusel (La. Bar No. 06849),
*Pro hac vice* pending
Jennifer L. Englander (La. Bar No. 29572),
*Pro hac vice* pending
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
Email: nheusel@joneswalker.com
Email: jenglander@joneswalker.com
*Attorneys for Defendant, Ruby Tuesday, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2008, I electronically filed Defendant Ruby Tuesday, Inc.'s **Memorandum in Support of Defendant's Rule 12(c) Motion to Dismiss** using the CM/ECF System, which will send a Notice of Electronic Filing to all counsel of record:

Gerard H. Donely, Esq.
1 Turks Head Place
Suite 503
76 Westminster Street
Providence, Rhode Island 02903

/S/ Rebecca McSweeney