STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC

JACKIE COLLINS, alias
MARC TAYLOR
Plaintiff,
VS. C.A. No. PC-07-5407

RUBY TUESDAY, INC., Alias,
and MICHAEL VACCARO, Alias
and ROBERT KIFF, Alias
Defendants.

COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on gender identity or expression and sexual orientation.

JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq. and the Rhode Island Civil Rights Act, G.L. 1956 § 42-112-1 et seq.

PARTIES

3. Plaintiff Marc Taylor, also known as Jackie Collins ("Plaintiff") is a citizen of the United States and of the State of Rhode Island.

4. Defendant, Ruby Tuesday, Inc., Alias ("Defendant") is a corporation duly authorized and licensed and doing business in the State of Rhode but organized under the laws of the State of Georgia with it's principal place of business in Maryville, TN.

EXHIBIT
A

5. Defendant Michael Vaccaro, Alias, ("Defendant Vaccaro") is an agent of the Defendant Ruby Tuesday, and was at pertinent times employed by Ruby Tuesday in the capacity of a Director of Ruby Tuesday restaurants in the area of Rhode Island, including the restaurant on Atwood Avenue in Johnston, Rhode Island, and performs his employment within Rhode Island

6. Defendant Robert Kiff, Alias, ("Defendant Kiff") upon information and belief, is a resident of Rhode Island and is an agent of the Defendant Ruby Tuesday, and at all pertinent times was employed as a manager at the Ruby Tuesday restaurant in Johnston, RI.

## ADMINSTRATIVE PROCEDURES

6. On or about December 11, 2006, charges of employment discrimination on behalf of Plaintiff, based upon gender identity or expression and sexual orientation were filed with the Commission for Human Rights for the State of Rhode Island ("the Commission").

7. On or about August 27, 2007, the Commission issued a "Notice of Right To Sue" to Plaintiff.

8. This Complaint has been filed within ninety (90) days of the receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

9. Plaintiff was hired by Defendant Ruby Tuesday in September, 2006 in the position of host at the 1386 Atwood Avenue, Johnston, RI 02919 location.

11. Plaintiff always performed her duties and responsibilities in at least a satisfactory manner.

12. In or about the end of September, 2007, Plaintiff met or was observed performing her duties by Defendant Michael Vaccaro.

13. Within days thereafter, Plaintiff was notified by Defendants' agent / employee that she should agree to remain out of work for three consecutive days because Defendants expected that a high ranking Ruby Tuesday officer or executive would be visiting the Atwood Avenue location and that the said high ranking officer or executive would not approve of Plaintiff.

14. Plaintiff complied with the request of her employer that she absent herself from her job for the days during which the high ranking Ruby Tuesday officer or executive was expected to be visiting.

15. Plaintiff was severely pained, humiliated and upset emotionally and personally during the "days-off" episode in which she was told that her appearance and characteristics would be so disturbing to one of the Defendants' bosses that she should not come to work.

16. Plaintiff is a person whose gender-identity or expression, as defined by RIGL 25-5-6(10), is not conforming to that traditionally associated with Plaintiff's sex at birth.

17. Plaintiff remained out of work for the days Defendants requested.

18. In or about early October, 2006, Plaintiff returned to her duties as host at the Atwood Avenue Ruby Tuesday and again performed in at least satisfactory manner.

19. Following Plaintiff's completion of one of her shifts in early October, 2006, Plaintiff returned home and was telephoned by Defendant Kiff who informed her that she was fired.

20. Defendants incited and solicited the assistance of other of Defendants' employees to aid and abet Defendants in their arranging for Plaintiff to absent herself from work as described in paragraph 13 above.

21. Defendants cooperated with each other and coordinated their conduct and communications so as to cause Plaintiff to be absent from her job for three consecutive days prior to her return and ultimate termination.

22. Defendants cooperated with each other and coordinated their conduct and communications in firing Plaintiff.

**COUNT I**

**Rhode Island Fair Employment Practices Act ("FEPA")**

**RIGL 1956 §§ 28-5-1 et seq.**

**(Harassment)**

23. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

24. By the aforesaid actions, Defendants intentionally violated the FEPA.

25. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT II**

**Rhode Island Civil Rights Act ("RICRA")**

**RIGL 1956 §§ 42-112-1 et seq.**

**(Harassment)**

26. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

27. By the aforesaid actions, Defendants intentionally violated the RICRA.

28. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT III**

**Rhode Island Fair Employment Practices Act ("FEPA")**

**RIGL 1956 §§ 28-5-1 et seq.**

**(Termination)**

29. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

30. By the aforesaid actions, Defendants intentionally violated the FEPA.

31. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT IV**

**Rhode Island Civil Rights Act ("RICRA")**

**RIGL 1956 §§ 42-112-1 et seq.**

**(Termination)**

32. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

33. By the aforesaid actions, Defendants intentionally violated the RICRA.

34. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT V**

**Rhode Island Fair Employment Practices Act ("FEPA")**

**RIGL 1956 §§ 28-5-1 et seq.**

**(Solicitation & Incitement of Others)**

35. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

36. By the aforesaid actions, Defendants intentionally violated the FEPA.

37. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT VI**

**Rhode Island Civil Rights Act ("RICRA")**

**RIGL 1956§§ 42-112-1 et seq.**

**(Solicitation and Incitement of Others)**

38. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

39. By the aforesaid actions, Defendants intentionally violated the RICRA.

40. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT VII**

**Rhode Island Fair Employment Practices Act ("FEPA)**

**RIGL 1956 §§ 28-5-1 et seq.**

**(Aid & Abet Each Other To Harass)**

41. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

42. By the aforesaid actions, Defendants intentionally violated the FEPA.

43. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT VIII**

**Rhode Island Civil Rights Act ("RICRA")**

**RIGL 1956 §§ 42-112-1 et seq.**

**(Aid & Abet Each Other To Harass)**

True Copy Attest

44. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

45. By the aforesaid actions, Defendants intentionally violated the RICRA.

46. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT IX**

**Rhode Island Fair Employment Practices Act ("FEPA")**

**RIGL 1956 §§ 28-5-1 et seq.**

**(Aid & Abet Each Other to Terminate)**

47. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

48. By the aforesaid actions, Defendants intentionally violated the FEPA.

49. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

**COUNT X**

**Intentional Infliction of Emotional Distress**

50. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

51. By the aforesaid actions, Defendants engaged in extreme and outrageous conduct.

52.. Defendants engaged in this conduct with the intent to cause Plaintiff to suffer emotional distress.

53. Defendants conduct caused Plaintiff severe emotional distress.

54.. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered physical and emotional damages.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful,

(2) order the Defendants to make the Plaintiff whole;

(3) order that the Defendants pay Plaintiff compensatory damages;

(4) order that the Defendants pay Plaintiff punitive damages;

(5) retain the jurisdiction of this action to ensure full compliance;

(6) order the Defendants to pay Plaintiff costs and expenses and reasonable attorney's fees;

(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Honorable Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury

Plaintiff
By her attorney,

GERARD H. DONLEY, ESQ. #3509
1 Turks Head Place, Suite 503
76 Westminster Street
Providence, RI USA 02903
Tel: 401-943-9977
Email: donleylaw@cox.net

Date: October 10, 2007

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPERIOR COURT

# CIVIL CASE COVER SHEET

CASE# PC-07-5407

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

PLAINTIFF: Jackie Collins, alias Marc Taylor ID#

DEFENDANT: Ruby Tuesday, Inc., alias et al ID#

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| (✓) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESSPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| ( ) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (✓) YES ( ) NO IF YES: (✓) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# / PRO SE/NAME: Gerald H. Dunlap, Esq. #3329 DATE: TODAY 12/10/07

SC203 (REV 02-07)